AO 243 (Rev. 01/15)

CLERK, U.S DISTRICT COURT

AUG 1 0 2017

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**

**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District   District of California |
|---|---|

| Name (under which you were convicted): Sona Chukhyan | | Docket or Case No.: CR-13-0704 JAK |
|---|---|---|
| Place of Confinement: Satellite Prison Camp 5675 8th St.-Camp Parks,Dublin, CA 94568 | Prisoner No.: #18874111 | |

| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
|---|---|
| V.   Sona Chukhyan | |

MOTION ▶ <strong>CV 17-05938-JAK</strong>

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   District of California
   255 E. Temple St. - Room 181-H
   Los Angeles, CA  90012

   (b) Criminal docket or case number (if you know): CR-13-0704 JAK

2. (a) Date of the judgment of conviction (if you know): 9/1/16

   (b) Date of sentencing: 9/1/16

3. Length of sentence: 30 Months, 3 years probation

4. Nature of crime (all counts):

   18 U.S.C. 1343 Wire Fraud - Count Two
   18 U.S.C. 1028 A(a)(1) Aggravated Identity Theft (Dismissed)
   18 U.S.C. 2 Aiding & Abetting and Causing an Act to be done (Dismissed

5. (a) What was your plea?  (Check one)

   (1) Not guilty ☐          (2) Guilty ☒          (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or
   what did you plead guilty to and what did you plead not guilty to?

   Plead guilty to 18 U.S.C. 1343 Wire Fraud - Count Two

6. If you went to trial, what kind of trial did you have? (Check one) N/A   Jury ☐   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? N/A Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☒

RECEIVED
CLERK, U.S. DISTRICT COURT

AUG - 6 2017

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

AO 243 (Rev. 01/15)                                                                                    Page 3

9.   If you did appeal, answer the following:   N/A
     (a) Name of court:
     (b) Docket or case number (if you know):
     (c) Result:
     (d) Date of result (if you know):
     (e) Citation to the case (if you know):
     (f) Grounds raised:




     (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒
          If "Yes," answer the following:
          (1) Docket or case number (if you know):
          (2) Result:

          (3) Date of result (if you know):
          (4) Citation to the case (if you know):
          (5) Grounds raised:




10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
          Yes ☐   No ☒

11.  If your answer to Question 10 was "Yes," give the following information:
     (a) (1) Name of court:   N/A
         (2) Docket or case number (if you know):
         (3) Date of filing (if you know):

         (4) Nature of the proceeding:
         (5) Grounds raised:

AO 243 (Rev. 01/15)                                                                                          Page 4

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

          Yes ☐    No ☐

    (7)  Result: _____

    (8)  Date of result (if you know): _____

(b)  If you filed any second motion, petition, or application, give the same information:

    (1)  Name of court: _____

    (2)  Docket of case number (if you know): _____

    (3)  Date of filing (if you know): _____

    (4)  Nature of the proceeding: _____

    (5)  Grounds raised:

    (6)  Did you receive a hearing where evidence was given on your motion, petition, or application?

          Yes ☐    No ☐

    (7)  Result: _____

    (8)  Date of result (if you know): _____

(c)  Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1)  First petition:     Yes ☐    No ☐

    (2)  Second petition:   Yes ☐    No ☐

(d)  If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12.    For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

AO 243 (Rev. 01/15)

GROUND ONE:   CLAIM of Ineffective Assistance of Counsel, David Kenner who's performance fell below an objective standard of reasonableness.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

1.  There was a reasonable probality that, but for Counsel's errors and judgment, I would not have signed the guilty plea agreement; Constitutional violation of my Due Process Rights.

2.  Plea agreement was never explained or discussed; I had ONE HOUR to decide to sign the plea agreement.

3.  Counsel promised I would not be incarcerated if I signed the plea agreement (See Attached EXHIBIT A)

4.  Failure of Counsel to investigate the perjured testimony of government witness's and false accusations. (Detailed in Witness Claims)

5.  Failure to Communicate.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Plea Agreement Signed

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application? N/A

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application? N/A

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal? N/A

Yes ☐   No ☐

AO 243 (Rev. 01/15)

(6) If your answer to Question (c)(4) is "Yes," state:   N/A

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

I signed a Plea Agreement on 11/21/14, preventing me from filing an Appeal.

**GROUND TWO:** CLAIM of Perjury by Government witness Sevak Darbinian;deliberatel made material and misleading statements to the government; as to his amount of loss.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

-$100,000.00 loss claim was withdrawn by Mr. Darbinian when Movant provided evidence of his repayment in her Supplemental Sentencing Memorandum.

-Mr. Darbinian was never a victim; his claims and statments to the government were false; his claims prejudiced Movant.

-The government did not investigate Mr. Darbinian's claim of loss.

(See attached EXHIBIT B)

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Plea Agreement Signed

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

AO 243 (Rev. 01/15)                                                                                        Page 7

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3)  Did you receive a hearing on your motion, petition, or application?        N/A

     Yes ☐    No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?    N/A

     Yes ☐    No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?   N/A

     Yes ☐    No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:        N/A

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

    I signed a Plea Agreement on 11/21/14, preventing me from filing an Appeal.


**GROUND THREE:**  CLAIM of Perjury by Government witness Vitaly Galstyan; deliberately made material and misleading statements to the government, as to his amount of loss.

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    -Movant personally loaned Mr. Galstyan $325,000.00 for his purchase of a property investment; transaction through Old Republic Title Company No. 26070843359.

    -Wells Fargo Bank Cashier Check payable to Old Republic Title Co. dated 5/15/2009.

AO 243 (Rev. 01/15)                                                                                    Page 8

(Vitaly Galstyan Claim Continued)
-Title report recorded in Mr. Galstyan's name on 5/19/2009.

(See Attached EXHIBIT C)

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Plea Agreement Signed

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?   N/A
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?   N/A
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?   N/A
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

**GROUND FOUR:** CLAIM of Perjury by Government witness Larry Galstian; deliberately made material and misleading statements to the government; as to his amount of loss.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

-Larry Galstian is the brother of Vitality GALSTYAN. The last name is spelled different.

-$200,000.00 withdrawn by Government upon wife of Mr. Galstian admitted receipt of funds.

-Mr. Galstian admission that "he" forgot $90,000.00 received by him through his Washington Mutual Credit Line(now Chase) #0763232592 Cashier Check.

-Statement summary given to the Government by Mr. Galstian on 8/14/16 is false as of funds owed; just as the statement of his brother Vitality Galstyan was false.

-Movant does not owe any funds to Larry Galstian.

(See attached EXHIBIT D)

(b) **Direct Appeal of Ground Four**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?      N/A

Yes ☐        No ☐

(4) Did you appeal from the denial of your motion, petition, or application?   N/A

Yes ☐        No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?   N/A

Yes ☐        No ☐

AO 243 (Rev. 01/15)                                                                                    Page 10.

(6)  If your answer to Question (c)(4) is "Yes," state:   N/A

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

I signed a Plea Agreement on 11/21/14, preventing me from filing an Appeal.

**GROUND FIVE:** CLAIM of Perjury by Government witness Nerses Nick Zakanian; deliberately made material and misleading statements to the government, as to his amount of loss.

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

-Mr. Zakanian made false statements to the prosecutor and FBI as to his loss of $209,000.00.

-Movant loaned Mr. Zakanian money to help save his home from foreclosure;

-Escrow documents from 2001,Old Republic Title Co., Order No.88435156 and Escrow No. 027280-ER, show monies Movant provided to Mr. Zakanian to save his property.

-"Escrow For You", Escrow No.13748-4 shows $50,000.00 down payment from Movant.

-Promissory Note dated 11/2/2005 payable to SONA CHUKHYAN for $230,000.00 executed by NERSES ZAKARIAN and ADAM ZAKARIAN

(See attached EXHIBIT E)

(b)  **Direct Appeal of Ground**

(1)  If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

(2)  If you did not raise this issue in your direct appeal, explain why:

Plea Agreement Signed

(c)  **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☒

AO 243 (Rev. 01/15)                                                                                                     Page 11.

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

    (3)  Did you receive a hearing on your motion, petition, or application?  N/A
        Yes ☐    No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?  N/A
        Yes ☐    No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?  N/A
        Yes ☐    No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:  N/A

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

        I signed a Plea Agreement on 11/21/14; preventing me from filing an Appeal.

**GROUND**  (NOT USED)

_____

    (a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 243 (Rev. 01/15)                                                                          Page 12.

**GROUND SIX: CLAIM of Perjury by Government witness Gevork & Naira Karaogalani**
deliberately made material and misleading statements to the government, as to
their amount of loss.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

-Records of "The Escrow People", Escrow No. 01-000586-FD will show
$5,000.00 payment received by Karaogalanian's.  This is in addition
to $165,000.00 in payments already credited by the government's
calculation.

-In addition to the $5,000.00 and $165,000.00 the Karaogalanian's
received cash totaling approximately $588,000.00.  There is no written
record of the cash received.

-Gevork and Naira Karaogalanian made false statements to the FBI and
Prosecutor as to their loss.

(See attached EXHIBIT F)


(b) **Direct Appeal of Ground**  Six

   (1)  If you appealed from the judgment of conviction, did you raise this issue?

        Yes [ ]       No [X]

   (2)  If you did not raise this issue in your direct appeal, explain why:

        Plea Agreement Signed

(c) **Post-Conviction Proceedings:**

   (1)  Did you raise this issue in any post-conviction motion, petition, or application?

        Yes [ ]       No [X]

   (2)  If you answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Name and location of the court where the motion or petition was filed:

   _____

   Docket or case number (if you know): _____

   Date of the court's decision: _____

   Result (attach a copy of the court's opinion or order, if available): _____

   _____

   (3)  Did you receive a hearing on your motion, petition, or application?    N/A

        Yes [ ]       No [ ]

   (4)  Did you appeal from the denial of your motion, petition, or application?    N/A

        Yes [ ]       No [ ]

   (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?  N/A

        Yes [ ]       No [ ]

AO 243 (Rev. 01/15)                                                              Page 13.

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

      I signed a Plea Agreement on 11/21/14; preventing me from filing an Appeal.

**GROUND   SEVEN: CLAIM** of perjury by Government witness Akop Grishikyan; deliberately made material and misleading statements to the government, as to the amount of loss.

(a)  Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

-$193,000 cashiers checks issued to Mr. Akop Grishikyan; Sona Chukhyan remitter.

-$130,000 Straight Note provided by Mr. Grishikyan contains forged signature of Sona Chukhyan.

-Mr. Grishikyan was an investor who provided cash to transactions for investors to facilitate a loan.

-Witness Vardan Terzian was a borrower willing to testify to the above statements.

-Mr. Grishikyan invested in a transaction on a property value of $1.5m; was in a second position. Borrower defaulted, Grishikyan filed Notice of default but never proceeded to take out the 1st position to secure his position. Mr. Grishikyan blamed Movant for the default.(See attached EXHIBIT G)

(b) **Direct Appeal of Ground** Seven

(1)  If you appealed from the judgment of conviction, did you raise this issue?

    Yes [  ]     No [X]

(2)  If you did not raise this issue in your direct appeal, explain why:

    Plea Agreement Signed

(c) **Post-Conviction Proceedings:**

(1)  Did you raise this issue in any post-conviction motion, petition, or application?

    Yes [  ]     No [X]

AO 243 (Rev. 01/15)                                                                                    Page 14.

(2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____


(3)  Did you receive a hearing on your motion, petition, or application?    N/A

Yes ☐        No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?   N/A

Yes ☐        No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?   N/A

Yes ☐        No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____


(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
issue:
        I signed a Plea Agreement on 11/21/14; preventing me from
        filing an Appeal.




GROUND    (NOT USED) _____
_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):




_____

AO 243 (Rev. 01/15)                                                                    Page 15.

(7) If your Answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND  EIGHT:** CLAIM of perjury by Government witness listed below; deliberately made material and misleading statements to the government, as to the amount of loss.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

-Jasmine and Jeffrey McCaig, stated loss of $1,637,817.00; government adjuste to $1,090,500.00. Settlement of $90,000.00 (no loss)(See attached EXHIBIT )

-Ann Chulayan, stated loss $178,500.00(included in the above settlement)
-Arthur Akopyan and Christine Chulayan, stated loss $161,000.00(included in the above settlement)
No loss to Ann Chulayan, Arthur Akopyan and Christine Chulayan, based on the McCraig settlement.

-Barbara and Kevin Caffrey stated loss $115,000.00; no loss.

-Giancarlo Mercado stated loss $188,333.33; no loss.

(See attached EXHIBIT H )

(b) **Direct Appeal of Ground** : Eight

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Plea Agreement Signed

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

AO 243 (Rev. 01/15)                                                                                       Page  16.

(3)  Did you receive a hearing on your motion, petition, or application?  N/A

     Yes ☐     No ☐

(4)  Did you appeal from the denial of your motion, petition, or application?  N/A

     Yes ☐     No ☐

(5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?  N/A

     Yes ☐     No ☐

(6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

    I signed a Plea Agreement on 11/21/14, preventing me from filing an Appeal.

_____

13.  Is there any ground in this motion that you have not previously presented in some federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14.  Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging?     Yes ☐     No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 243 (Rev. 01/15)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing: David Kenner
16633 Ventura Blvd. #1212-Encino, CA  91346

(b) At the arraignment and plea: David Kenner
16633 Ventura Blvd.#1212-Encino, CA  91346

(c) At the trial: N/A

(d) At sentencing: Jerry Kaplan
9150 Wilshire Blvd. #175-Beverly Hills, CA  90212

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☒   No ☐   Depending on the 2255 review.

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The 28 U.S.C. 2255 is a timely filing of the one-year statute.

AO 243 (Rev. 01/15)

Page  18 .

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –

    (1)   the date on which the judgment of conviction became final;

    (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                    Page 19.

Therefore, movant asks that the Court grant the following relief: For the foregoing reasons, this Court
should grant Movants Petition under 28 U.S.C. 2255.  Movant submits that this
Court should vacate her conviction,

or any other relief to which movant may be entitled.

<u>N/A</u>
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion
under 28 U.S.C. § 2255 was placed in the prison mailing system on      4 - 2 - 2017
                                                                      (month, date, year)

Executed (signed) on      4 - 2 - 2017                      (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

# TABLE OF CONTENTS

EXHIBIT A - Email from Movant to David Kenner, Esq. ----------------P. 5

EXHIBIT B - Escrow Admentment and Cancelled Escrow Check
           Sevak Darbinian ----------------------------------------P. 6

EXHIBIT C - Grant Deed - Cashiers Check Old Republic Title
           Subpoena to Old Republic Title-Vitaly Galstyn----------P. 8

EXHIBIT D - Check for $200,000.00
           Admission of receipt of $90,000.00; after the fact
           Declarations of Mary Pehhlevanian and Yeghia Kutyan
           Subpoena to Chase-verfication of Cashiers Check of
           $15,000.00
           Subpoena to verify cash, credit cards and Bank Statement
           Larry Galstian ----------------------------------------P. 9

EXHIBIT E - Escrow Documents - Old Republic Title - Subpoena
           Promissary Note $230,000.00
           Nick Zakanian

EXHIBIT F - $165,000.00 in payments credited by the Government
           "The Escrow People", Escrow No. 01-000586-FD -$5,000.00
           Gevork and Naira Karaogalanian ------------------------P.12

EXHIBIT G - Copy of Cashier Check and Subpoena from City Bank
           Straight Note
           Declaration of Terzian
           Note Deed of Trust
           Akop Grishikyan ---------------------------------------P.13

EXHIBIT H - Copy of Law Suit Settlement (New Evidence)

           -Judgment of $90,000.00 included the following:
            -Jasime and Jeffrey McCaig
            -Ann Chulayan
            -Arthur Akopyan and Christine Chulayan

           Giancarlo Mercado was never Movants client
            -3rd Position of a Note Purchase
            -Agent Cathy Reiner
            -Mercado statement of awareness as to his position
             at the time of his transaction of purchase.
            -Mercado wired funds to Note Holder not Movant
            -Mercado was responsible to foreclose his position
             which he did not do --------------------------------P.15

<u>EXHIBIT A</u>

 Gmail

s m <sm7consulting@gmail.com>

## My plea:Agreement

s m <sm7consulting@gmail.com>
To: david <david@kennergreenfield.com>

Tue, Dec 30, 2014 at 1:17 PM

Hi David,

Since my plea hearing I have not been able to sleep because my concerns and questions have not been answered .

When I hired you as my attorney I felt really confident that i am getting the best. You and Brett have repeatedly assured me that I will not do time, but I am not sure of that anymore.

As you know none of my paperwork was ever reviewed by your office. I have boxes of paperwork that show my work and defense of the charges of wrongdoing and several times my husband and I loaded the car with boxes of files and drove down to your office but you didn't want to look at them.

I understand since I told you from the beginning that I do not want to go to trail, you had only one other choice which is a plea agreement.

What makes me uneasy is how you presented the agreement to me. You said that it was important that I come into your office. You didn't tell me that you had an agreement worked out, didn't email it to me ahead of time to review. When we came in, you read the agreement to us, explained the agreement told us to go out for an hour read the agreement, think it over and comeback in to sign it. We stepped out read the agreement came back, when I asked if I have any choices you said only other choice is to go to trail which I didn't want, so no I had no choice but to sign the agreement. You again assured me that you with the USAO would have control over the sentencing terms however I realized from the "entering a plea agreement court procedure' that you and the usao don't have the control and it's the judge that make the determination.

Again I understand that I limited your choices by saying trial is out of the question and don't know if we could have gotten a better plea agreement but I believe that I should have been given more time to work on the agreement

than just placed in front of me couple of days before court

I read the agreement again and see that the judge in setting sentence may consider the other counts that I am not pleading guilty to. In light of what I observed this makes me evan more nervous.

I understand that there are agreements in which the terms including the sentencing is agreed upon (set) with the usao and presented to the judge to accept or reject but not to set sentencing. Was this type of agreement available to me? If so Why would you not use it? I thought you had a good rapport with Us Attorney

David please i need to be informed of whatever you are going to work out for me sooner than later. I don't want to hear it one day before my sentencing. My daughter is very important to me, she deserves better.

And while I understand there was some delay in getting your fee paid I have paid you 195 thousand dollars so far and that's not a small amount. The way the plea was presented to me was not right

David please do your best.

Sincerely,

Sona Chukhyan


David Kenner 12/30/14

Please call me. We would like to meet with you on Tues. I will respond to you...

**s m <sm7consulting@gmail.com>**

9/2/15

EXHIBIT B

**DIAMOND COUNTRY ESCROW**  NEWPORT BEACH ESCROW TRUST ACCOUNT

Check No. 7430          743

| Date: | 08/25/10  ( DP) | Escrow No. | 3832-DP | Closed: 08/25/10 | Check Amount | $ 100,000.00 |

PAY TO THE ORDER OF:                                   Borrower Refund
Sevak Darbinian

Property  : 6703 Mammoth Avenue
            Van Nuys, CA  91405

Borrower : Yeglya Kutyan
           Haykush Helen Kutyan

ADDITIONAL INFORMATION:

FILE COPY



**DIAMOND COUNTRY ESCROW**
NEWPORT BEACH ESCROW TRUST ACCOUNT
2 CORPORATE PLAZA, SUITE 275
NEWPORT BEACH, CA 92660
(949) 718-2811

7430

Commercial National Bank

ESCROW NO. 3832-DP

DATE 08/25/10

AMOUNT

PAY   One Hundred Thousand And 00/100 Dollars                    $100,000.00

TO THE
ORDER
OF    Sevak Darbinian

AUTHORIZED SIGNATURE

⑈007430⑈ ⑈122243703⑈050500023 2⑈

08/26/2010  -  #7430  -  $100,000.00



DEPOSIT         5278 01  8700
#2050200091     $100000.00
08/23/2010    16:54:05

PAY ANY BANK

08/26/2010  -  #7430  -  $100,000.00

1   her husband in June and July 2008, respectively.  (See ex. 6,

2   Schedule of Darbinian Loss).  Over the ensuing year through July

3   2009, records reflect that defendant gave Darbinian $118,580 in

4   bounced checks.  (Id.).

5      Defendant now claims that she fully repaid Darbinian's $100,000

6   investment and proffers a declaration from a Yeghia Kutyan who claims

7   Darbinian invested $100,000 with Kutyan in August 2010, which Kutyan

8   claims was repaid via a check drawn on Diamond Country Escrow.

9   Notably, the check reflects no connection to defendant Chukhyan or

10   Kutyan and, as a result, fails to demonstrate that defendant repaid

11   Darbinian's $100,000 invested with defendant in 2008.

12     Nonetheless, FBI Special Agent Trevor Twitchell contacted

13   Darbinian on July 19, 2016 and Darbinian disclaimed any business

14   connections or losses to defendant.  As a result, the government

15   withdraws any claim of losses to Darbinian.

16     Lastly, defendant summarily claims repayment of $2 million

17   to victims Jeffrey and Jasmine McCaig, and cash payments to other

18   investors, but offers no evidence to support these claims.

19   **E.   Final Loss Reconciliation**

20     Based on the above facts, the government submits the following

21   losses to victims have been established an unchallenged with any

22   evidence by defendant.

| | |
|---|---|
| Akop Grishikyan: | $833,000 |
| Ann Chulayan: | $178,500 |
| Artur Akopyan/Christine Chulayan: | $180,500 |
| Barbara and Kevin Caffrey: | $ 23,000 |
| Giancarlo Mercado: | $188,333.33 |
| Jasmine and Jeffrey McCaig: | $1,637,817.00 |

5

EXHIBIT  C



Attention, Monet

On Thu, Aug 25, 2016 at 7:30 AM, Nicole R. Johnson <nicolej@ortc.com> wrote:

Hello Mr. Kaplan and Mr. Benincasa,

Our office represents Old Republic Title Company which has been demanded to appear and produce certain records pursuant to a Subpoena In A Criminal Case ("Subpoena"), a copy of which is attached. The Subpoena requests "any and all copies of records for account holder Vitaly Galstayan's order number 260708433-59". We believe that the intended order number is missing a "1" and is 2607084133-59, which pertains to Mr. Galstayan's purchase of the real property located at 321 E Stocker Street #104, Glendale, CA 91207 on 5/19/2009. We ask that you please confirm. This email is also to inquire if you would accept production of a copy of the title file and a Custodian Affidavit in lieu of an appearance.

Thank you.

**Nicole R. Johnson**
Legal Assistant | Compliance & Corporate Affairs

T: 415.248.7114 | F: 415.248.7200 | Shoretel: 47114
nicolej@ortc.com
Old Republic Title
275 Battery Street | Suite1500 | San Francisco, CA 94111
ortc.com

Important Notice: The information contained in this email is private and confidential. It is intended only for the recipient(s) named above. If you are not named above or are not an agency of the recipient(s), then you have received this email in error, and to review, distribute or copy this transmission or its attachment(s) is strictly prohibited by federal law. If you have received this email in error, please notify the sender by email immediately. If you are the proper recipient and this email contains "protected health information," you must abide by the rules of the HIPAA and other privacy laws that apply. Thank you for your attention to this notice.

This page is provided courtesy... is proprietary imaging and indexing system. Copyright 20xx. All rights reserved.

**This page is part of your document - DO NOT DISCARD**



## 20090738166



Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**05/19/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 16.00 |
| TAXES: | 363.00 |
| OTHER: | 0.00 |
| PAID: | 379.00 |



**LEADSHEET**



200905190250006

00000548631



002111918

**SEQ:**
**13**

DAR - Title Company (Hard Copy)

**THIS FORM IS NOT TO BE DUPLICATED**

t03

When recorded return to: property recording and billing system. Copyright 2009, All rights reserved.

JRFC



05/19/2009

*20090738166*

RECORDING REQUESTED BY:
Old Republic Title Company

AND WHEN RECORDED MAIL TO:

VITALIY GALSTYAN AND ITS ASSIGNEE
321 E. STOCKER ST. #104
GLENDALE, CA 91207

---

| Title Order No.: 2807064133-59 | THIS SPACE FOR RECORDER'S USE ONLY: |
|---|---|
| | Escrow No.: 071453-MO |

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

**DOCUMENTARY TRANSFER TAX is $363.00**

[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of GLENDALE AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**HAYK MELIKSETYAN**

hereby GRANT(s) to:

**VITALIY GALSTYAN, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY AND VAHAGN KOLSUZYAN, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, AS JOINT TENANTS**

the real property in the City of GLENDALE, County of Los Angeles, State of California, described as:
LEGAL DESCRIPTION ATTACHED HERETO AS EXHIBIT "A" AND MADE A PART HEREOF
Also Known as:  321 E. STOCKER ST. #104, GLENDALE, CA 91207
AP#: 5647-011-024

DATED May 12, 2009
STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
On MAY 12, 2009
before me, MONET S. SARREAL
A Notary Public in and for said State personally appeared
SUREN SHARIFON

*Hayk Meliksetyan by NIII*
HAYK MELIKSETYAN
*AS ATTORNEY in fact*

who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

MONET S. SARREAL
Commission # 1795609
Notary Public - California
Los Angeles County
My Comm. Expires Apr 19, 2012

Signature _____                                         (Seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

The data, products and services are provided via its proprietary imaging and delivery system. Copyright 2008, all rights reserved.

ORDER NO. : 2607084133-59

# EXHIBIT A

The land referred to is situated in the County of Los Angeles, City of Glendale, State of California, and is described as follows:

A Condominium Comprised Of:

Parcel A:

An undivided 1/13 interest in and to Lot 1 of Tract No. 32564, in the City of Glendale, County of Los Angeles, State of California, as per map recorded in Book 858 Page(s) 75 of Maps, in the Office of the County Recorder of said County.

Except units 101 to 105 inclusive, 201 to 205 inclusive, and 301 to 303 inclusive, as shown and defined on the Condominium Plan recorded June 19, 1978 as Instrument No. 78-656983 of Official Records.

Parcel B:

Unit 104 as shown and defined on the Condominium Plan above mentioned and subject to Covenants, Conditions and Restrictions recorded August 8, 1977 as Instrument No. 77-837218 of Official Records.

 

# Subject Property History

### KOLSUZYAN, VAHAGN
### 321 E STOCKER ST, GLENDALE 91207-1302
### APN: 5647-011-024   LOS ANGELES COUNTY

**Prior Transfer**

| | | | |
|---|---|---|---|
| Recording Date | 11/02/2009 | Document # | 09-1651830 BK-PG - |
| Price | N/A | Document Type | Quit Claim Deed |
| First TD | N/A | Type of Sale | Non-Arms Length Transfer |
| Mortgage Doc # | | Interest Rate | |
| Lender Name | | | |
| Buyer Name | KOLSUZYAN, VAHAGN | | |
| Buyer Vesting | N/A | | |
| Seller Name | GALSTYAN, VITALIY | | |

**Legal Description**
Tract No: 32564
City/Muni/Twp: GLENDALE

**Foreclosure Record**

| | | | |
|---|---|---|---|
| Recording Date | 06/09/2009 | Document # | 09-0857742 BK-PG - |
| Document Type | Notice of Rescission | | |
| Original Foreclosure Document: | 07-1934238 | | |

**Prior Transfer**

| | | | |
|---|---|---|---|
| Recording Date | 05/19/2009 | Document # | 09-0738166 BK-PG - |
| Price | $330,000 | Document Type | Grant Deed |
| First TD | N/A | Type of Sale | Full-Computed from Transfer Tax |
| Mortgage Doc # | | Interest Rate | |
| Lender Name | | | |
| Buyer Name | GALSTYAN, VITALIY; KOLSUZYAN, VAHAGN | | |
| Buyer Vesting | Joint Tenancy | | |
| Seller Name | MELIKSETYAN, HAYK | | |

**Legal Description**
Lot: 1  Tract No: 32564  Map Ref: MB858 PG75
City/Muni/Twp: GLENDALE

**Prior Transfer**

| | | | |
|---|---|---|---|
| Recording Date | 05/19/2009 | Document # | 09-0738165 BK-PG - |
| Price | N/A | Document Type | Intrafamily Transfer or Dissolution |
| First TD | N/A | Type of Sale | Non-Arms Length Transfer |
| Mortgage Doc # | | Interest Rate | |
| Lender Name | | | |
| Buyer Name | GALSTYAN, VITALIY | | |

Buyer Vesting        Married Man as sole and separate property
Seller Name          GALSTYAN, MARINA
**Legal Description**
Lot: 1  Tract No: 32564  Map Ref: MB858 PG75
City/Muni/Twp: GLENDALE

Prior Transfer

| | | |
|---|---|---|
| Recording Date | 05/19/2009 | Document # | 09-0738164 BK-PG - |
| Price | N/A | Document Type | Intrafamily Transfer or Dissolution |
| First TD | N/A | Type of Sale | Non-Arms Length Transfer |
| Mortgage Doc # | | Interest Rate | |
| Lender Name | | | |
| Buyer Name | KOLSUZYAN, VAHAGN | | |
| Buyer Vesting | Married Man as his sole and separate property | | |
| Seller Name | GALACHYAN, NAIRA | | |

**Legal Description**
Lot: 1  Tract No: 32564  Map Ref: MB858 PG75
City/Muni/Twp: GLENDALE

Foreclosure Record

| | | |
|---|---|---|
| Recording Date | 11/21/2007 | Document # | 07-2586253 BK-PG - |
| Document Type | Notice of Sale (aka Notice of Trustee's Sale) | | |
| Auction Location: | 350 W MISSION BLVD, POMONA | | |
| Auction Date/Time: | 12/10/2007 01:00 P.M. | | |
| Min. Bid Amount | $635,853 | | |

Foreclosure Record

| | | |
|---|---|---|
| Recording Date | 08/17/2007 | Document # | 07-1934238 BK-PG - |
| Document Type | Notice of Default | | |
| Beneficiary Name: | COUNTRYWIDE HOME LOANS INC | | |
| Trustor Names: | MELIKSETYAN, HAYK | | |
| Trustee Name: | RECONTRUST CO NA | | |
| Mailing Address: | 1757 TAPO CANYON RD# SVW-88, SIMI VALLEY, CA 93063- | | |
| Trustee Phone #: | | | |
| TS# : | 07-37981 | Loan Doc #: | 06-1298931 |
| Loan Date: | 06/13/2006 | Loan Amount | $580,500 |
| Contact Name: | COUNTRYWIDE HOME LOANS INC | | |
| Attention: | FORECLOSURE DEPARTMENT | | |
| Mailing Address: | 400 COUNTRYWIDE WAY# SV-35, SIMI VALLEY, CA 93065- | | |

**Legal Description**
Lot: 1

Mortgage Record

| | | |
|---|---|---|
| Recording Date | 02/26/2007 | Document # | 07-0409015 BK-PG - |
| Loan Amount | $27,000 | Loan Type | Credit Line (Revolving) |
| TD Due Date | 11/28/2046 | Type of Financing | |
| Interest Rate | | | |
| Lender Name | WELLS FARGO BANK NA | | |
| Lender Type | Bank | | |
| Borrowers Name | MELIKSETYAN, HAYK | | |
| Vesting | | | |

**Legal Description**

# EXHIBIT  D

PRINTED ON LINEMARK PAPER - HOLD TO LIGHT TO VIEW. FOR ADDITIONAL SECURITY FEATURES SEE BACK

| 00301 | 11-24 | cu008213 |
|---|---|---|
| Office AU # | 121008 | |

Operator I.D.: cu008213

**CASHIER'S CHECK**

0030101201

June 07, 2008

PAY TO THE ORDER OF   ***LARRY GALSTYAN***

**$200,000.00**

***Two hundred thousand dollars and no cents***

WELLS FARGO BANK, N.A.
18830 SAN FERNANDO MISSION BLV
GRANADA HILLS, CA 91344
FOR INQUIRIES CALL, (480) 394-3122

AUTHORIZED SIGNATURE

VOID IF OVER US $ *200,000.00

AUTHORIZED SIGNATURE

⑈0030101201⑈ ⑉121000248:4861 505303⑈⑈



Washington Mutual Bank

16-3717/1220          764872358

WASHINGTON MUTUAL
ONE FIVE ZERO ZERO ZERO DOLLARS AND 00 CENTS
********Sep 7, 2007 15 THOUSAND  DOLLARS AND 00 CENTS ***********CTSCTS

Washington Mutual Bank
DRAWER / PURCHASER COPY
NON-NEGOTIABLE
REMITTER

1577  102

PAY
TO
THE
ORDER
OF

Larry Galstian

4558 (10/98)

Issued by Integrated Payment Systems Inc., Englewood, Colorado Wells Fargo Bank Ltd, N.A., Los Angeles, CA

## DECLARATION OF MARY PEHLEVANIAN

I, Mary Pelhlevanian, declare:

1.      I have personal knowledge of the below facts.  If called as a witness, I could and would testify as follows:

2.      I worked with Sona Chukhyan in her office from approximately 2004 to 2009.

3       Larry Galstian made a $75,000.00 loan to me on May 31, 2007.  Attached to this declaration as Exhibit 3 is a true and correct copy a Washington Mutual check made out to me for that amount.

4.      I was having difficulty repaying this loan to Mr. Galstian.  Sona Chukhyan paid it back for me by making a payment to Mr. Galstian's Washington Mutual Credit Line in the amount of $92,000.00, which represented the principal plus interest.  This payment was made approximately six to nine months after the original loan to me and was made in the form of a cashier's check for payment to his Washington Mutual Credit Line, account no. 0763232592.  I personally gave this cashier's check to Vitaliy Galstyan, who is the brother of Larry Galstian.

5.      On a separate occasion, I borrowed $10,000.00 in cash from Mr. Galstian on or about May 31 or June 1, 2007 at Ms. Chukhyan's office.  This cash loan is one of the $10,000.00 cash payments Susi Galstian references in her declaration of January 6, 2012, that they claim was given to Ms. Chukhyan.

6.      I paid Mr. Galstian back for the $10,000.00 by cashier's check in the amount of $15,000.00 on September 7, 2007.  Attached as Exhibit 4 is a true and correct copy of a Washington Mutual check no. 764872356 made out to Mr. Galstian that represents repayment of that loan plus interest.

7.      In addition the cashier's checks above, I personally gave Larry Galstian cash in two payments totaling $60,000.00 on June 1, 2007, that were made in exchange for cashier's checks as follows:

    a.      Washington Mutual check no. 673466122 made out to George Plavjian in the amount of $16,000.00 was exchanged for $18,000.00 cash. Mr. Galstian initialed a copy of the check on which my handwriting also appears noting that he received the cash. A true and correct copy of that document is attached as Exhibit 5.

    b.      Washington Mutual check no. 673466121 made out to Armenoui Matevosian in the amount of $39,000.00 was exchanged for $42,000.00 cash. Mr. Galstian initialed a copy of the check on which my handwriting also appears noting that he received the cash. A true and correct copy of that document is attached as Exhibit 6.

8.      On three other occasions I gave Mr. Galstian cash in exchange for checks to First Real Estate Venture, Inc. I have not been able to locate copies of the documents with his initials acknowledging receipt of the case as I did for the two exchanges above; however, I distinctly remember providing him cash for these checks in the same manner:

    a.      March 5, 2007, check no. 687284, for $38,000.00, for which he received $41,000 in cash;

    b.      March 21, 2007 check no. 692534, for $39,800.00, for which he received $42,800 in cash; and

    c.      June 14, 2007 check no. 673466519 for $50,000, for which he received $28,000 cash and $25,000 of check payable to his credit card accounts. The checks were drawn from the account belonging to First Real Estate Venture, Inc., with United

Commercial Bank, which is now East West Bank.

9.    On or around May 12, 2009, Vitaliy Galstyan entered into an agreement to purchase real property located at 321 E. Stocker St., Glendale CA 91207 for $330,000.00. Ms. Chukhyan loaned Mr. Galstyan $325,000.00 for the purpose of purchasing that property. A true and correct copy of cashier's check no. 7231201047, dated May 15, 2009, and made out to Old Republic Title Company is attached as Exhibit 7. This check represents the loan to Mr. Galstyan. Mr. Galstyan never repaid the loan.

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct.

Date: _July 14, 2016_

_Mary Pehlevanian_
Mary Pehlevanian

## DECLARATION OF YEGHIA KUTYAN

I, Yeghia Kutyan, declare:

1.     I have personal knowledge of the below facts.  If called as a witness, I could and would testify as follows:

2.     I first met Sona Chukhyan approximately 2006 through a mutual friend.  I was involved in a number of real estate and financial transactions in which Ms. Chukhyan served as a go between as more fully outlined below.

3.     Attached to this declaration as Exhibit 1 is a true and correct copy of a check from Diamond Country Escrow for $100,000.00 made out to Sevak Darbinian.  This check represents the return of Mr. Darbinian's investment that he made with me in approximately August of 2010 through Ms. Chukhyan related to a real property investment.  In addition to the $100,000.00 check, Mr. Darbinian also received $25,000.00 in cash as profit on the investment.

4.     In or around May 31, 2007, Larry Galstian paid $100,000.00 against my Bank of America line of credit as a personal loan.  Ms. Chukhyan arranged for Mr. Galstian to make that loan.  Attached as Exhibit 2 is a true and correct copy of Washington Mutual Check No. 673466024 which represents that loan.  I paid Mr. Galstian back in cash in the amount of $115,000.00 after approximately thirty (30) days, which represented the principal of the loan plus interest.

I declare, under penalty of perjury of the laws of the United States of America, that the foregoing is true and correct.

Date: 07 - 13 - 16

Yeghia Kutyan

EXHIBIT E

# PROMISSORY NOTE

$230,000.00                                                         11/2/2005

     **FOR VALUE RECEIVED,** the undersigned, (the "Maker"), hereby promises to pay to the order of __SONA   CHUKHYAN_____("Payee"), the principal sum of $ 230,000.00 pursuant to the terms and conditions set forth herein.

     **PAYMENT OF PRINCIPAL.** The principal amount of this Promissory Note (the "Note") and any accrued but unpaid interest shall be due and payable in three (3) years on __11/1/2008.__

     **INTEREST.** This Note shall bear interest, compounded annually, at _zero_ (0%) percent.

     **PREPAYMENT.** The Maker shall have the right at any time and from time to time to prepay this Note in whole or in part without premium or penalty.

     **REMEDIES.** No delay or omission on part of the holder of this Note in exercising any right hereunder shall operate as a waiver of any such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The rights and remedies of the Payee shall be cumulative and may be pursued singly, successively, or together, in the sole discretion of the Payee.

     **EXPENSES.** In the event any payment under this Note is not paid when due, the Maker agrees to pay, in addition to the principal and interest hereunder, reasonable attorneys' fees not exceeding a sum equal to 15% of the then outstanding balance owing on the Note, plus all other reasonable expenses incurred by Payee in exercising any of its rights and remedies upon default.

     **GOVERNING LAW.** This Note shall be governed by, and construed in accordance with, the laws of the State of _CALIFORNIA_

     **IN WITNESS WHEREOF,** Maker has executed this Promissory Note as of the day and year first above written.

ARAM ZAKARIAN                                        NERSES ZAKARIAN

1  payments, the Karaogalanian's received cash totaling
2  approximately $588,000.  However, there is no written record of
3  these payments.

4       **F.    <u>Nerses Nick Zakanian - $209,000 not credited</u>**

5       Mr. Zakanian was not originally addressed in defendant's
6  Supplemental Sentencing Memorandum.  Mr. Zakanian was in danger
7  of his home being foreclosed and sought out the defendant's help.
8  Ms. Chukhyan arranged for Harout Yeproyan to purchase the
9  property while Mr. Zakanian continued to live there.  Then he
10 sold the property back to Mr. Zakanian when he was financially
11 able to repurchase it.

12      Ms. Chukhyan paid $50,000 to the initial escrow with Mr.
13 Yeproyan to purchase the property.  Ms. Chukhyan also made a
14 $110,000 payment to George Green to remove his lien from the
15 property.  Mr. Green had a lien on the house for a $110,000 for
16 loan he made to the vicitm, Mr. Zakanian.  Ms. Chukhyan made an
17 additional $50,000 payment into the escrow for Mr. Zakanian to
18 repurchase the property.  Mr. Zakanian used a line of credit to
19 make the $209,000 re-payment to Ms. Chukhyan he now claims is a
20 loss, when in fact he was repaying Ms. Chukhyan for monies she
21 advanced to him to save his home from foreclosure.

22      Escrow documents from 2001, Old Republic Title Company,
23 order no. 88435156 and Escrow no. 027280-ER will show the monies
24 Ms. Chukhyan put into the escrow account on behalf of Mr.
25 Zakanian.  Escrow documents from Escrows for You, escrow no.
26 13748-4 will show the $50,000 down payment from Ms. Chukhyan in
27 the repurchase of the property.

28
                        **DEFENDANT'S SUPPLEMENTAL BRIEF**
                                  -9-

EXHIBIT  F

Prepared For: SA Kevin Danford
File# 320A-LA-254022

| VICTIM | Money Invested | Government claimed credits | Victim Net (Gain)/Loss | Additional Defendant claimed credits | Defendant's Loss calculation |
|---|---|---|---|---|---|
| AG | $ (853,000.00) | $ 20,000.00 | $ (833,000.00) | $235,000.00 | $ (598,000.00) |
| AA and CC | $ (184,000.00) | $ 3,500.00 | $ (180,500.00) | | $ (180,500.00) |
| AC | $ (178,500.00) | $ - | $ (178,500.00) | | $ (178,500.00) |
| BC and KC | $ (115,000.00) | $ 92,000.00 | $ (23,000.00) | | $ (23,000.00) |
| GM | $ (200,833.33) | $ 12,500.00 | $ (188,333.33) | | $ (188,333.33) |
| JM and JM | $ (1,986,500.00) | $ 348,683.00 | $ (1,637,817.00) | | $ (1,637,817.00) |
| LG | $ (704,550.00) | $ 303,800.00 | $ (400,750.00) | $400,750.00 | $ 0.00 |
| GK and NK | $ (589,000.00) | $ 165,000.00 | $ (424,000.00) | $5,000.00 | $ (419,000.00) |
| VG | $ (161,500.00) | $ 100,000.00 | $ (61,500.00) | $61,500.00 | $ 0.00 |
| Plea | $ (112,000.00) | $ - | $ (112,000.00) | | $ (112,000.00) |
| NZ | $ (209,000.00) | $ - | $ (209,000.00) | $209,000.00 | |
| TOTALS | $ (5,293,883.33) | $ 1,045,483.00 | $ (4,248,400.33) | $911,250.00 | $ (3,337,150.33) |

EXHIBIT  G

JERRY KAPLAN, ESQ., Bar No.: 49142
JOSEPH BENINCASA, ESQ., Bar No. 251347
KAPLAN, KENEGOS & KADIN
9150 Wilshire Blvd., Suite 175
Beverly Hills, Ca 90212
Telephone: (310) 859-7700
Facsimile: (310) 859-7773
Email:     kapkenkd@pacbell.net

Attorneys for Defendant
SONA CHUKHYAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

United States of America,     )   CASE NO. 13-CR-704-JAK
                              )
            Plaintiff,        )
                              )   **STATUS OF SUBPOENAED RECORDS OF**
                              )   **VICTIMS**
       vs.                    )
                              )
SONA CHUKHYAN,                )
                              )
            Defendant.        )
_____)

Defendant, through counsel, files this Status Report in anticipation of the Continued Sentencing Hearing of September 1, 2016, to update the Court and the government on the status of subpoenaed records of victims.

I.   **Victim A.G.**

Defendant has asserted that victim A.G., who has claimed a loss of $833,000; was repaid much of that money.  Part of the monies claimed by victim A.G. were repaid by cashier's checks totaling $193,000.  Copies of the cashier's checks were submitted as Exhibit 9 to Defendants Supplemental Sentencing Memorandum

1   filed under seal.

2       Astonishingly, the government submitted a statement from
3   A.G. stating that these *cashier's* checks bounced.   Defendant
4   therefore subpoenaed the cashed checks from Citibank.

5       Defense counsel Joseph Benincasa was contacted by
6   representatives of Citibank on August 30, 2016, in response to
7   this subpoena and confirmed that the checks had been cashed.
8   (Declaration of Joseph Benincasa, ¶2).   Citibank, however,
9   indicated that the records would not be sent to the Court until
10  September 6, 2016, since they were required to give notice to
11  A.G. prior to releasing the records.   (Benincasa Decl. ¶3).

12      As defendant has noted, the victims in this case were, with
13  few exceptions, individuals seeking to invest in risky real
14  estate ventures and/or hard money loans in order to make large
15  returns.   Many of these victims have not been forthcoming to the
16  government – already two victims have recanted all or part of
17  their claims upon presentation of evidence produced by the
18  defendant.   A.G. is another such "victim" who has made
19  misrepresentations to the government in an effort to be unjustly
20  enriched through Court ordered victim restitution.

21      Defendant has provided a declaration from Vardan Terzian
22  stating that he paid A.G. $42,000 in cash for a hard money loan
23  that A.G. is including as a loss, attached.   Based on the
24  foregoing, Mr. Terzian's declaration under penalty of perjury
25  should also be believed since A.G. has been shown to lack
26  credibility.

27      Defendant has subpoenaed the bank records of A.G. from his
28  account with City National Bank in the hope that other cash

                                   -2-

1    payments will be shown in the deposit record but has not yet

2    received word whether the records are available.[1]

3

4    II.  **Victim V.G.**

5         Defendant has subpoened bank and escrow records involving

6    V.G.  Defense counsel has confirmed with an agent of Bank of

7    America that they have received subpoenas for two of these

8    accounts and hope to have records should be delivered to the

9    Court on September 1, 2016.  However, V.G.'s name had a different

10   spelling on one of the accounts and the second was a mortgage

11   account which previously belonged to Countrywide; therefore,

12   there has been some delay in producing the records.

13        Counsel has no information to date on the third subpoenaed

14   account, with Chase, previously Washington Mutual.

15        Old Republic Title Company has confirmed that escrow

16   documents will be produced, which defendant believes will show

17   the $325,000 payment was received into V.G.'s escrow account and

18   was not funded by his own personal credit line, as he claimed to

19   the government.

20

21   III. **Victim N.Z.**

22        The Escrow accounts involving victim N.Z. have been

23   subpoenaed.  Unfortunately, Escrows For You is a defunct entity

24   and there has been no response to the subpoenas.  It is unknown

25   if N.Z. has his own copy of the escrow documents.

26        Old Republic Title Company has contacted defense counsel

27

28        [1]The account number for these records was discovered when counsel reviewed unredacted
     discovery at the office of the United States Attorney on August 25, 2016.

1  regarding the subpoena for additional information and are seeking
2  to track down the records for the 2001 escrow involving the same
3  property which will show monies that the defendant provided to
4  N.Z.'s escrow.  It is unknown if the records will be produced by
5  September 1, 2016.

6

7  IV.  **Victim L.G.**

8       Defendant has not received contact from the entities
9  subpoenaed regarding victim L.G. and it is unknown at this time
10 if records will arrive to the Court on September 1, 2016.
11 Defendant notes, however, that L.G. has already withdrawn part of
12 his claim when he was confronted by the government with evidence
13 produced by the defendant showing that he had received $200,000
14 from defendant.  Defendant has subpoenaed two entities for
15 documents related to L.G.  The defendant lacks the account
16 information of the third account, a credit line account from Bank
17 of America, and the government has declined to request these
18 records from L.G.

19

20

21 Dated: August 30, 2016          KAPLAN, KENEGOS & KADIN

22

23                                By: /s/ Jerry Kaplan
24                                    JERRY KAPLAN
                                      Attorneys for Defendant
25                                    SONA CHUKHYAN

26

27

28

                              -4-

**DECLARATION OF JOSEPH BENINCASA**

I, Joseph Benincasa, declare:

1. I am an attorney licensed to practice before this Court and am an associate attorney in the law firm of Kaplan, Kengos & Kadin, attorneys of record for defendant Sona Chukhyan. If called as a witness I could and would testify to the below.

2. On August 30, 2016, I was contacted by representatives of Citibank in response to a subpoena regarding cashier's checks previously provided to the Court in Exhibit 9 to Defendants Supplemental Sentencing Memorandum filed under seal. The Citibank representative confirmed to me that the checks had been cashed.

3. The representative stated that Citibank intended to produce the records, however, they would not be produced on September 1, 2016 due to the notice requirement to the account holder that cashed the checks. I was informed that the earliest the records would be produced was September 6, 2016.

I declare, under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Dated this 30th of August, 2016.

/s/ Joseph Benincasa

Joseph Benincasa

-5-



September 6, 2016

Kaplan Kenegos & Kadin
Attn: Joseph Benincasa, Esq.
9150 Wilshire Blvd., Suite 175
Beverly Hills, CA 90212

RE:    **Subpoena in the Matter of United States of America v. Sona Chukhyan**
       **Citibank File No.: LSI-08252016-4056759**
       **Case No.: 13-CR-704-JAK**

Dear Mr. Benincasa:

This letter is in response to the above referenced subpoena.

It is our understanding that by providing you with the enclosed records Citibank has complied with your request.

Further, if you should you have any questions or require further information, please contact the undersigned at (210) 357-0133.

Sincerely,

Adriana Ortega
Litigation Support Unit

# AFFIDAVIT

**citi**

STATE OF TEXAS

COUNTY OF BEXAR

I, Adriana Ortega, do hereby state and declare as follows:

1.  I am employed by Citigroup Management Corp. (hereinafter "CMC"). The testimony in this affidavit is based upon my review of documents maintained in the ordinary course of business, and to the best of my knowledge, the facts contained herein are true and correct.
2.  CMC provides various services, one of which is subpoena compliance, to Citibank, N.A. (hereinafter "Citibank").
3.  The accounts in question are or were owned and issued by Citibank.
4.  Citibank provides CMC employees access to its account records to perform various services.
5.  I am a duly authorized custodian of the records for Citibank and have authority to certify the attached records.
6.  The attached records are copies or duplicates of the available records requested in the Subpoena with redacted information.
7.  The attached records were prepared in the ordinary course of business at or near the time of the act, condition or event.
8.  Documents are in reference to Sona Chukhyan. Case No.: 13-CR-704-JAK. Citibank File No.: LSI-08252016-4056759.

I certify under penalty of perjury that the foregoing is true and correct. Executed on September 6, 2016 at San Antonio, Texas.

Adriana Ortega, Legal Support Specialist
Citigroup Management Corp.

Subscribed and sworn to before me on September 6, 2016.

Notary Public

AMANDA V MONTEMAYOR
Commission # 125885194
My Commission Expires
October 1, 2019



















## DECLARATION OF VARDAN TERZIAN

I, Vardan Terzian, declare:

1.   I have personal knowledge of the below facts.  If called as a witness, I could and would
testify as follows:

2.   I was paid $38,000 directly by cashier's check, Bank of America, April 7, 2009, from
Akop Grishikyan in exchange for cash.  I paid Mr. Grishikyan $42,000 in cash for the
check.

I declare, under penalty of perjury of the laws of the United States of America, that the
foregoing is true and correct.

Date: 08/26/2016

Vardan Terzian



Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003. All rights reserved

**This page is part of your document - DO NOT DISCARD**



## 20090203342



Pages:
0005

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/13/09 AT 08:58AM**

| | |
|---|---|
| FEES: | 24.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 24.00 |





**L E A D S H E E T**



200902130020007

00000030819



001959736

**SEQ:
01**

DAR ~ Mail (Hard Copy)





**THIS FORM IS NOT TO BE DUPLICATED**

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

**AKOP GRISHIKYAN**
**945 North Kenmore Avenue**
**Los Angeles, Ca  90029**



02/13/2009

*20090203342*

APN: 5808-013-017

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

This Deed of Trust, made this __11st__ day of ___February,   2009__, between ___Hayg Terzian,  A Single Man__, herein called TRUSTOR, whose address is ___4849 Alta Canyada Road, La Canada Flintridge, Ca  91011__, __Landsafe Title__, herein called TRUSTEE, and __Akop Grishikyan___, herein called BENEFICIARY,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in ___Los Angeles__ County, California, described as:

See Exhibit "A" to made part hereof.

**AKA:** 4849 Alta Canyada Road, La Canyada Flintridge, Ca  91011

TOGETHER WITH the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

**For the Purpose of Securing:**

1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of **$  235,000.00** executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine; or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

1

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.



(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(10) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(11) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive

2

Instruments provided by DataTrac LLC via its proprietary imaging and delivery system. Copyright 2001, all rights reserved.

proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of his Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

_Hayg Terzian_

Hayg Terzian

STATE OF CALIFORNIA ) SS.
COUNTY OF _Los Angeles_ )

On _02/11/09_ before me _Marine Jukhyan,_ , Notary Public, personally appeared _Hayg Terzian_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

MARINE JUKHYAN
Commission # 1573140
Notary Public - California
Los Angeles County
My Comm. Expires Apr 26, 2009

MARINE JUKHYAN
Commission # 1573140
Notary Public - California
Los Angeles County
Comm. Expires Apr 26, 2009

Void

FOR NOTARY STAMP

3

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

PARCEL 1:

Those portions of Lots 16 and 17 of Dunham's Subdivision of Lot 17 of Rancho La Canada, in the City of La Canada-Flintridge, County of Los Angeles, State of California, as per Map recorded in Book 43 Page 19 of Miscellaneous Records, in the Office of the County Recorder of said County, described in whole as follows:

Beginning at a point in the Easterly line of said Lot 16, distant Southerly along said Easterly line and its Northerly prolongation 502.63 feet from the Southeasterly prolongation of the Southwesterly line of Tract No. 6628, as per map recorded in Book 77 Page 78 of Maps, in the Office of the County Recorder of said County; thence North 89° 42' 40" West 142.48 feet to the true point of beginning; thence North 0° 21' 43" East 45.43 feet; thence South 89° 23' 08" East 7.74 feet; thence North 1° 41' 17" East 32.93 feet; thence North 88° 04' 19" East 14.17 feet; thence North 7° 56' 24" West 47.46 feet; thence North 25° 59' 28" West 38.02 feet; thence North 89° 42' 40" West 99.46 feet; thence South 40° 46' 20" West 148.20 feet; thence South 50° 27' 20" West 74.10 feet to a line rearing North 89° 42' 40" West from the true point of beginning; thence South 89° 42' 40" East 253 75 feet to the true point of beginning.

PARCEL 2.

An easement for public utilities and for ingress and egress to be used in common with others over that portion of Lot 16 of Dunham's Sub of Lot 17 of Rancho La Canada, in the City of La Canada-Flintridge, County of Los Angeles, State of California, as per Map recorded in Book 43 Page 19 of Miscellaneous Records, in the Office of the County Recorder of said County, described in whole as follows:

Beginning at a point in the Easterly line of said Lot, distant Southerly along said Easterly line and its Northerly prolongation 502 63 feet from the intersection of said Northerly prolongation with the Southeasterly prolongation of the Southwesterly line of Tract No. 6628, as per map recorded in Book 77 Page 78 of Maps; thence North 89° 42' 40" West 200.00 feet, thence Southerly parallel with said Easterly line of said Lot, 25 00 feet; thence South 89° 42' 40" East 200.00 feet to a point in said Easterly line of said Lot distant Southerly along said Easterly line 25.00 feet from the point of beginning; thence Northerly along said Easterly line 25.00 feet to the point of beginning

Assessor's Parcel Number        **5808-013-017**

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

▲                                                                    ▲

**This page is part of your document - DO NOT DISCARD**

 **20082208536**

Pages:
0016

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/16/08 AT 08:00AM**

| | |
|---|---|
| FEES: | 57.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 57.00 |

## TITLE(S) : **TRUST DEED**

▲                                                                    ▲



**L E A D S H E E T**



200812160110010

001141472

**SEQ:**
**09**

**DAR - Title Company (Hard Copy)**

**THIS FORM IS NOT TO BE DUPLICATED**

▲                                                                    ▲

<u>EXHIBIT  H</u>

EJ-001

3

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, State Bar number, and telephone number):
Recording requested by and return to:
Armen Shaghzo, Esq. [SBN178802]
Shaghzo & Shaghzo Law Firm, APC
100 W. Broadway, Suite 540
Glendale, CA 91210

| [✓] ATTORNEY FOR | [✓] JUDGMENT CREDITOR | [ ] ASSIGNEE OF RECORD |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS 300 East Olive
MAILING ADDRESS 300 East Olive
CITY AND ZIP CODE Burbank, CA 91502
BRANCH NAME North Central District

PLAINTIFF: Jeffrey McCaig and Jasmine McCaig

DEFENDANT: Sona Chukhyan, et al.

FOR RECORDER'S USE ONLY

CASE NUMBER
EC054285

FOR COURT USE ONLY

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | [ ] Amended |

1. The [✓] judgment creditor [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   ┌─────────────────────────────────┐
   │ George Plavjian, an individual  │
   │ 1 Surrey Lane                   │
   │ Atherton, CA 94027              │
   └─────────────────────────────────┘

   b. Driver's license no. [last 4 digits] and state                    [✓] Unknown
   c. Social security no. [last 4 digits]:                              [✓] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or
      mailed to (name and address): George Plavjian 1 Surrey Lane Atherton, CA 94027

2. [✓] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor (name and address):
   Jeffrey McCaig and Jasmine McCaig
   10701 Overman Ave., Chatsworth, CA 91311
Date: January 7, 2013
Armen Shaghzo, Esq.
(TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2
5. [ ] Original abstract recorded in this county
   a. Date:
   b. Instrument No.:

(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 2,930,493.97
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): December 28, 2012
   b. Renewal entered on (date):
9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [✓] not been ordered by the court
    b. [ ] been ordered by the court effective until (date):
12. a. [✓] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

This abstract issued on (date):
FEB 2 5 2013

JOHN A. CLARKE                    Clerk, by
_____, Deputy
LUPE PEREZ, DEPUTY CLERK

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

4

| PLAINTIFF: Jeffrey McCaig and Jasmine McCaig | CASE NUMBER | |
| --- | --- | --- |
| DEFENDANT: Sona Chukhyan, et al. | | EC054285 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:

14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.             Name and last known address

Mary Pehlevanian, *an individual*
9740 Rhea Avenue
Northridge, CA 91324

Driver's license no. [last 4 digits]
and state:                              ☑ Unknown

Social security no. [last 4 digits]:      ☑ Unknown

Summons was personally served at or mailed to *(address)*:
Mary Pehlevanian
9740 Rhea Avenue
Northridge, CA 91324

17.             Name and last known address

Andy Tovmassian, *an individual*
6259 Mary Ellen Avenue
Van Nuys, CA 91401

Driver's license no. [last 4 digits]
and state:                              ☑ Unknown

Social security no. [last 4 digits]:      ☑ Unknown

Summons was personally served at or mailed to *(address)*:
Andy Tovmassian
6259 Mary Ellen Avenue
Van Nuys, CA 91401

18.             Name and last known address

Driver's license no. [last 4 digits]
and state:                              ☐ Unknown

Social security no. [last 4 digits]:      ☐ Unknown

Summons was personally served at or mailed to *(address)*:

19.             Name and last known address

Driver's license no. [last 4 digits]
and state:                              ☐ Unknown

Social security no. [last 4 digits]:      ☐ Unknown

Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

EJ-100

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):*
After recording, return to:
Armen Shaghzo, Esq. {SBN 178802}
SHAGHZO & SHAGHZO LAW FIRM, LP
100 W. Broadway, Suite 540
Glendale, CA 91210
TEL NO.: (818) 241-8887   FAX NO. (optional): (818) 241-0035
E-MAIL ADDRESS (Optional): as@shaghzolaw.com
[X] ATTORNEY FOR   [X] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 300 East Olive Avenue
MAILING ADDRESS: 300 East Olive Avenue
CITY AND ZIP CODE: Burbank, CA 91506
BRANCH NAME: North Central District

FOR RECORDER'S OR SECRETARY OF STATE'S USE ONLY

PLAINTIFF: Jasmine and Jeff McCaig

DEFENDANT: JBA Company, LLC, et al

CASE NUMBER:
EC054285

**ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT**
[ ] FULL   [X] PARTIAL   [ ] MATURED INSTALLMENT

FOR COURT USE ONLY

1. Satisfaction of the judgment is acknowledged as follows:
   a. [ ] Full satisfaction
      (1) [ ] Judgment is satisfied in full.
      (2) [X] The judgment creditor has accepted payment or performance other than that specified in the judgment in full satisfaction of the judgment.
   b. [ ] Partial satisfaction
      The amount received in partial satisfaction of the judgment is $
   c. [ ] Matured installment
      All matured installments under the installment judgment have been satisfied as of *(date)*:
2. Full name and address of judgment creditor:*
   Jeffrey McCaig and Jasmine McCaig
   10701 Overman Ave., Chatsworth, CA 91311
3. Full name and address of assignee of record, if any:

4. Full name and address of judgment debtor being fully or partially released:*
   George Plavjian
   1 Surrey Lane, Atherton, CA 94027
5. a. Judgment entered on *(date)*: December 28, 2012
   b. [ ] Renewal entered on *(date)*:
6. [X] An [X] abstract of judgment [ ] certified copy of the judgment has been recorded as follows *(complete all information for each county where recorded)*:

| COUNTY | DATE OF RECORDING | INSTRUMENT NUMBER |
|---|---|---|
| Los Angeles | March 7, 2013 | 20130347665 |
| San Mateo | March 12, 2013 | 2013-038631 |
| Contra Costa | March 12, 2013 | 2013-0062788-00 |

7. [ ] A notice of judgment lien has been filed in the office of the Secretary of State as file number *(specify)*:

NOTICE TO JUDGMENT DEBTOR: If this is an acknowledgment of full satisfaction of judgment, it will have to be recorded in each county shown in item 6 above, if any, in order to release the judgment lien, and will have to be filed in the office of the Secretary of State to terminate any judgment lien on personal property.

Date: September 23, 2016

▶

(SIGNATURE OF JUDGMENT CREDITOR OR ASSIGNEE OF CREDITOR OR ATTORNEY*)

*The names of the judgment creditor and judgment debtor must be stated as shown in any Abstract of Judgment which was recorded and is being released by this satisfaction. ** A separate notary acknowledgment must be attached for each signature.

Form Approved for Optional Use
Judicial Council of California
EJ-100 [Rev. July 1, 2014]

**ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT**

Page 1 of 1
Code of Civil Procedure, §§ 724.060, 724.120, 724.250
American LegalNet, Inc.
www.FormsWorkFlow.com

CIV-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Armen Shaghzo, Esq. [SBN 178802]<br>SHAGHZO & SHAGHZO LAW FIRM, LP<br>100 W. Broadway, Suite 540<br>Glendale, CA 91210<br>　TELEPHONE NO.: (818) 241-8887　　FAX NO. *(Optional):* (818) 241-0035<br>E-MAIL ADDRESS *(Optional):* as@shaghzolaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs Jasmine and Jeff McCaig | **FOR COURT USE ONLY** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
| 　STREET ADDRESS: 300 East Olive Avenue |
| 　MAILING ADDRESS: 300 East Olive Avenue |
| 　CITY AND ZIP CODE: Burbank, CA 91506 |
| 　BRANCH NAME: North Central District |

| |
|---|
| PLAINTIFF/PETITIONER: Jasmine and Jeff McCaig |
| DEFENDANT/RESPONDENT: JBA Company, LLC, et al |

| | |
|---|---|
| **REQUEST FOR DISMISSAL** | CASE NUMBER: EC058685 |

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
　a. (1) ☒ With prejudice　(2) ☐ Without prejudice
　b. (1) ☐ Complaint　(2) ☐ Petition
　　(3) ☐ Cross-complaint filed by *(name):*　　　　　　　on *(date):*
　　(4) ☐ Cross-complaint filed by *(name):*　　　　　　　on *(date):*
　　(5) ☒ Entire action of all parties and all causes of action
　　(6) ☐ Other *(specify):* *

2. *(Complete in all cases except family law cases.)*
　The court ☐ did　☒ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: September 23, 2016

Armen Shaghzo, Esq.
_____　　　　　　　▶ _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)　　　　　　　(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner　　☐ Defendant/Respondent
☐ Cross-Complainant

TO THE CLERK: Consent to the above dismissal is hereby given.**
　Date:

_____　　　　　　　▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)　　　　　　　(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner　　☐ Defendant/Respondent
☐ Cross-Complainant

*(To be completed by clerk)*
4. ☐ Dismissal entered as requested on *(date):*
5. ☐ Dismissal entered on *(date):*　　　　　　　as to only *(name):*
6. ☐ Dismissal not entered as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
　b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
　　　☐ a copy to be conformed　☐ means to return conformed copy
　　Date:　　　　　　　　　　Clerk, by _____, Deputy

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

## SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is made between Plaintiffs Jasmine and Jeff McCaig ("MCCAIGS") and Defendants Sona Chukhyan and George Plavjian ("SETTLING DEFENDANTS") with respect to LASC Case Numbers EC054285 and EC058685.

## RECITALS

On November 5, 2010, the MCCAIGS filed a complaint in the lawsuit entitled *McCaig v. Chukhyan, et al.* Los Angeles Superior Court Case No. EC054285 against, *inter alia*, SETTLING DEFENDANTS ("First Action"). The First Action resulted in a judgment entered December 28, 2012 against George Plavjian and in favor of Plaintiffs in the amount of $2,930.493.97.

On July 11, 2012, the MCCAIGS filed a lawsuit entitled *McCaig v. JBA Company, LLC,* et al., Los Angeles Superior Court Case No. EC058685 against SETTLING DEFENDANTS as well as Defendant JBA Company, LLC ("Second Action").

Trial of the Second Action was recently continued and is currently set for September 26, 2016.

In order to avoid the substantial expense and inconvenience of further litigation, the parties now desire to finally settle all claims asserted in, as well as all issues that were raised or could have been raised in the First Action and Second Action, on the terms set forth in this Agreement.

THEREFORE, IN CONSIDERATION OF THE MUTUAL PROMISES CONTAINED HEREIN, IT IS HEREBY AGREED AS FOLOWS:

## TERMS OF AGREEMENT

1.   Recitals Incorporated Into Agreement. The Parties incorporate into this Agreement the Recitals and facts set forth above as part of the terms of this Agreement.

2.   Terms. SETTLING DEFENDANTS will pay the MCCAIGS the sum of Ninety Thousand Dollars ($90,000.00), payable within five days of execution of this Agreement in certified funds.

3.   General Release of all Claims. The MCCAIGS unconditionally, irrevocably and absolutely release and discharge SETTLING DEFENDANTS, as well as its present or former employees, officers, agents, attorneys, affiliates, successors, assigns and all other representatives of SETTLING DEFENDANTS from any and all causes of action, judgments, liens, indebtedness, damages, losses, claims (including attorneys' fees and costs), liabilities and

demands of whatsoever kind and character that the MCCAIGS may now or hereafter have against the Released Parties arising from incidents or events giving rise to this lawsuit (hereafter collectively, "Released Claims").

4.      <u>Unknown or Different Facts or Law.</u>  The MCCAIGS acknowledge that they may discover facts or law different from, or in addition to, the facts or law they know or believe to exists with respect to a Released Claim.  They agree, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

5.      <u>California Civil Code Section 1542 Waiver.</u>  The MCCAIGS expressly acknowledges and agrees that the releases contained in this Agreement include a waiver of all rights under Section 1542 of the California Civil Code.  This statute reads as follows:

     A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OF OR SUSPECT TO EXIST IN HIS/HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM/HER MUST HAVE MATERIALLY AFFECTED HIS/HER SETTLEMENT WITH THE DEBTOR.

     The MCCAIGS acknowledge that they have read this Agreement, including the above Civil Code section, and fully understand both the Agreement and the Civil Code section.  The MCCAIGS waive any benefits and rights granted pursuant to Civil Code section 1542.

6.      <u>Dismissal of the Action.</u>  The MCCAIGS agree to take all actions necessary to dismiss the Second Action, with prejudice, within 3 business days of receipt and clearing of the $90,000.00 settlement payment set forth above, including, but not limited to, executing and filing a Request for Dismissal of the Action without Prejudice, with the Superior Court.

7.      <u>Satisfaction of Judgment.</u> The MCCAIGS agree to take all actions necessary to file and/or record any necessary satisfaction of judgment in connection with the Judgment against George Plavjian in the First Action, within 3 business days of receipt and clearing of the $90,000.00 settlement payment set forth above.

8.      <u>No Admissions.</u>  By entering into this Agreement, SETTLING DEFENDANTS shall not be deemed or construed to have admitted any liability.  The parties agree that it is their mutual intention that neither this Agreement or any terms hereof shall be admissible in any other or future proceedings against SETTLING DEFENDANTS, except a proceeding to enforce this Agreement.

9.      <u>Attorneys' Fees and Costs.</u> the MCCAIGS and SETTLING DEFENDANTS agree to bear their own attorneys' fees, costs and expenses incurred in connection with the Second Action, except as otherwise set forth herein.

10.     <u>Severability.</u>  Should it be determined by a court that any term of this Agreement is unenforceable, that term shall be deleted.  However, the validity and enforceability of the remaining terms shall not be affected by the deletion of the unenforceable terms.

11.    Modifications.  Only a written instrument executed by all parties hereto may amend this Agreement.

12.    Cooperation.  The parties agree to do all things necessary and to execute all further documents necessary and appropriate to carry out and effectuate the terms and purposes of this Agreement.

13.    Interpretation: Construction.  The headings set forth in this Agreement are for convenience only and shall not be used in interpreting this Agreement.  Legal counsel representing the MCCAIGS drafted this Agreement, but SETTLING DEFENDANTS and their counsel have fully participated in the negotiation of its terms.  SETTLING DEFENDANTS acknowledge that they have had an opportunity to review and discuss each term of this Agreement with legal counsel and, therefore, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

14.    Entire Agreement.  The parties to this Agreement declare and represent that no promise, inducement or agreement not herein discussed has been made between the parties, and that this Agreement contains the entire expression of agreement between the parties on the subjects addressed herein.

15.    Counterparts.  This Agreement may be executed in counterparts.  The execution of a signature page of this Agreement shall constitute the execution of the Agreement, and the Agreement shall be binding on each party upon that party's signing of such a counterpart.

16.    Advice of Counsel.  The parties declare and represent that they are executing this Agreement with full advice from their respective legal counsel, and that they intend that this Agreement shall be complete and shall not be subject to any claim of mistake, and that the releases herein express a full and complete release and, regardless of the adequacy or inadequacy of the consideration, each intends the releases herein to be final and complete.  Each party executes this release with the full knowledge that this release covers all possible claims, to the fullest extent permitted by law.

17.    Voluntary and Knowing.  This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto.

        I, having read the foregoing Agreement and knowing the contents thereof, am effecting this settlement and executing this Agreement after having the opportunity to obtain legal advice from counsel, and I sign the same as my own free act.

Dated: _____        _____
                                          Sona Chukhyan

Page 3

Dated: _____        George Plavjian
                                        _____

Dated: _____        Jeff McCaig
                                        _____

Dated: _____        Jasmine McCaig
                                        _____

APPROVED AS TO FORM AND CONTENT:

Dated: September 23, 2016               Shaghzo & Shaghzo, A Law Firm LP

                                        _____ for Armen Shaghzo
                                        Armen Shaghzo, Esq.
                                        Counsel for Jasmine and Jeff McCaig

                                        TAHMAZIAN LAW FIRM, P.C.

Dated: _9/23/16_                        _____
                                        Jilbert Tahmazian, Esq.
                                        Counsel for Sona Chukhyan and George
                                        Plavjian

Page 4

Dated: _____

George Plavjian

Dated: 9/23/16

Jeff McCaig

Dated: 9/23/16

Jasmine McCaig

APPROVED AS TO FORM AND CONTENT:

Dated: _____

Shaghzo & Shaghzo, A Law Firm LP

_____
Armen Shaghzo, Esq.
Counsel for Jasmine and Jeff McCaig

Dated: 9/23/16

TAHMAZIAN LAW FIRM, P.C.

_____
Jilbert Tahmazian, Esq.
Counsel for Sona Chukhyan and George
Plavjian

Page 4

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I reside in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 100 W. Broadway, Suite 540, Glendale, CA 91210.

I served the within document entitled: **Request for Dismissal Case No. EC058685** on the interested party(ies) by the method of service indicated below, and addressed as follows:

Jilbert Tahmazian, Esq.
TAHMAZIAN LAW FIRM, P.C.
1518 West Glenoaks Boulevard
Glendale, CA 91201
Telephone No. (818) 242-8201
Facsimile No. (818) 242-8246

_____**U.S. MAIL**) By placing for collection and mailing in Glendale, California the same day, following the ordinary business practice of the firm where I am employed, a true copy thereof in sealed envelope(s) addressed as stated on the attached service list. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

_____**(BY FEDERAL EXPRESS)** I caused such envelope(s) to be delivered by hand to the office(s) of the addressee.

XXX ( **BY PERSONAL DELIVERY)** I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

_____ **(BY EMAIL)** I caused such copies to be sent with same day service by electronic mail.

_____**(BY FACSIMILE)** I caused such copies to be sent with same day service.

[X] (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[] (FEDERAL) I declare that I am employed in the offices of a member of the bar of this court at whose direction this service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 22, 2016, in Glendale, California.

_____
Marian Pachanian

## Indemnification Agreement

In the event of successful closing for property at 5209 Harter Lane, La Canada, California, I, Giancarlo Mercado, will not go after Brian Wright and Jacqueline Wright for any personal assets, including personal property. Absolutely no personal guarantee what so ever by the trustor. The Wright had agreed to secure the note of $310,000 from a third parties that owed to me (Giancarlo Mercado) for a fee of the above mention purchase property. This Deed of Trust shall be in fourth position, to be recorded next in priority after the first and second deed from the lender for a total of $1,035,000 and a new third deed of trust from Brian silent partner of $155,000 against the property for a total of $1,190,000 to the Wrights recorded and before any transfer of title to any Third party. The parties agree that if Giancarlo Mercado's Trust Deed is not in fourth Position then Giancarlo Mercado will have recourse to foreclose the above property only. All parties to consult their attorney prior to signing this document.

| | |
|---|---|
| _Giancarlo Mercado_ | 09-25-07 |
| Giancarlo Mercado | Date |
| _Brian Wright_ | 9-26-07 |
| Brian Wright | Date |
| _Jacqueline Wright_ | 9/26/07 |
| Jacqueline Wright | Date |
| _Cathy Reiner_ | 9/26/07 |
| Cathy Reiner | Date |

Station Id :ZI3N

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

GIANCARLO MERCADO
65 W. Dayton Str # 411
Pasadena, CA 91105

06 0490299

THIS SPACE FOR RECORDER'S USE ONLY:

Escrow No..

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns, and transfers to GIANCARLO MERCADO all beneficial interest under that certain Deed of Trust dated MAY 17, 2004 executed by MARINA GAMBARYAN, Trustor, to FOOTHILL CONVEYANCE CORP. Trustee, and recorded as Instrument No. 04-1591227, on June 22, 2004, of Official Records in the County Recorders Office of Los Angeles California, describing land therein as:

PARCEL 2 OF PARCEL MAP 24833 AS PER MAP RECORDED IN BOOK 2954, PAGES 65-66, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY, STATE OF CALIFORNIA

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

DATED February 9, 2006
STATE OF CALIFORNIA
COUNTY OF   LOS ANGELES
On   2-9-2006
Before me,   MARY PEHLEVANIAN
A Notary Public in and for said State, personally appeared
ARTASHES GALACHYAN

ARTASHES GALACHYAN

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

MARY PEHLEVANIAN
Commission # 1385151
Notary Public - California
Los Angeles County
My Comm. Expires Nov 17, 2006

Signature   Mary Pehlevanian                    (This area for official notarial seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

LOS ANGELES,CA
Document: AS 2006.490299

Page 2 of 2

Printed on 10/27/2015 9:51:27 AM

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

 

**This page is part of your document - DO NOT DISCARD**



**20072290176**    Pages: 005

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**10/05/07 AT 08:00AM**

Fee: 31.00
Tax: 0.00
Other: 0.00
Total: 31.00

**Title Company**

# TITLE(S) :

 

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**

**Number of AIN's Shown**

    **THIS FORM IS NOT TO BE DUPLICATED**    

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2007. All rights reserved.

2⁴/₄

RECORDING REQUESTED BY
## The Document Center, Inc.
Glendale, CA
When Recorded Mail Document
and Tax Statement To
Giancarlo **Mercado**
**2549 Veteran Ave.**
**Los Angeles, Ca. 90064**

Escrow No
Title Order No

10/05/07

**20072290176**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST AND ASSIGNMENT OF RENTS (ACCELERATION CLAUSE)

BY THIS DEED OF TRUST, made this        **23rd**  day of         **August**     , 2007, between
**Brian Wright and Jacqueline Wright, husband and wife as joint tenants**

herein called Trustor, whose address is
**5209 Harter Lane, La Canada, Ca. 91011**
(number and street)                                (city)                    (state)          (zip)
and FOOTHILL CONVEYANCE CORPORATION, a California corporation, herein called trustee, and
**Giancarlo Mercado, a single man**

hereinafter called Beneficiary, Trustor grants, transfers, and assigns to Trustee, in trust, with power of sale, that
property in    **Los Angeles**         County,   **California**   , described as
**Parcel 2 of Parcel Map No. 24833 in the county of Los Angeles, State of California as per**
**Map recorded in Book 294 Pages 65 and 66 of Maps in the office of the county recorder of**
**said county**

Assessor's Parcel No      **5864-025-059**
Commonly Known As      **5209 Harter Lane, La Canada, Ca. 91011**

If the Trustor shall convey or alienate said property or any part thereof or any interest therein or shall be divested of his title in any manner or way,
whether voluntary or involuntary any indebtedness or obligation secured hereby, irrespective of the maturity date expressed in any note evidencing the
same, at the option of the holder hereof and without demand or notice shall become due and payable immediately
Trustor also assigns to Beneficiary all rents, issues and profits of said realty reserving the right to collect and use the same except during continuance of
default hereunder and during continuance of such default authorizing Beneficiary to collect and enforce the same by any lawful means in the name of any
party hereto
For purpose of securing
(1)Payment of the indebtedness evidenced by one promissory note in the principal sum of $310,000.00_____
of even date herewith, payable to Beneficiary, and any extensions or renewals thereof, (2) the payment of any money that may be advanced by the
Beneficiary to Trustor, of his successors, with interest thereon, evidenced by additional notes (indicating they are so secured) or by endorsement on the
original note, executed by Trustor or his successor, (3) performance of each agreement of Trustor incorporated by reference or contained herein
On June 14, 1985, identical fictitious Deeds of Trust were recorded in the offices of the County Recorders of the Counties of State of

CK TD            page 1 of 2

California and/or one or more of the proprietary mapping and display system. Copyright 2003, 2004, all rights reserved.

California, the first page thereof appearing as the following instrument numbers in the records of the respective County Recorder as follows

| COUNTY | Instrument Number | COUNTY | Instrument Number |
|---|---|---|---|
| Los Angeles | 85—668576 | Riverside | 85-128546 |
| San Bernardino | 85-143016 | Ventura | 85-062101 |
| Orange | 85-216204 | Imperial | 125 |
| San Diego* | 85-210816 | | |

\*June 13, 1985

The provisions contained in Section A, including paragraphs 1 through 5, and the provisions contained in Section B, including paragraphs 1 through 9 of said fictitious Deeds of Trust are incorporated herein as fully as though set forth at length and in full herein

The undersigned Trustor requests that a copy of any notice of default and any notice of any sale hereunder be mailed to Trustor at the address hereinabove set forth, being the address designated for the purpose of receiving such notice

Brian Wright

Jacqueline Wright

STATE OF CALIFORNIA

COUNTY OF Los Angeles

ON 03/26/2007 before me,

Marine Jukhyan a Notary Public, personally appeared

Brian Wright                    Jacqueline Wright

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument

Witness my hand and official seal

Signature

MARINE JUKHYAN
Commission # 1573140
Notary Public - California
Los Angeles County
My Comm. Expires Apr 26, 2009

07 2290178

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**DO NOT RECORD -- Provisions incorporated from Recorded Fictitious Deed of Trust**

**A. TO PROTECT THE SECURITY HEREOF, TRUSTOR AGREES:**

(1) To keep said property in good condition and repair, preserve thereon the buildings, complete construction begun, restore damage or destruction, and pay the cost thereof, to commit or permit no waste, no violation of laws or covenants or conditions relating to use, alterations or improvements, to cultivate irrigate, fertilize, fumigate, prune, and do all other acts which the character and use of said property and the estate or interest in said property secured by this Deed of Trust may require to preserve this security

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or Beneficiary may release all or any part thereof to Trustor Such application or release shall not cure or waive any default or Notice of Default hereunder or invalidate any act done pursuant to such notice

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or power of Beneficiary or Trustee and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear

(4) To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto, all costs, fees and expenses of this Trust

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof Beneficiary or Trustee being authorized to enter upon said property for such purposes, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the legal rate of interest, and to pay for any statement provided for by law regarding the obligations secured hereby in the amount demanded by Beneficiary, not exceeding the maximum amount permitted by law at the time of the request thereof

**B. IT IS MUTUALLY AGREED THAT:**

(1) Any award of damages in connection with any condemnation for public use or of injury to said property or any part thereof is hereby assigned to Beneficiary, who may apply or release such moneys received by him in the same manner and with the same effect as provided for disposition of proceeds of fire or other insurance

(2) By accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require payment when due of all other sums so secured or to declare default for failure so to pay

(3) At any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may reconvey any part of said property, consent to the making of any map thereof, join in granting any easement thereon, join in any agreement extending or subordination the lien or charge hereof

(4) Upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey without warranty, the property then held hereunder The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof The grantee in such reconveyance may be described as "the person or persons legally entitled thereto "

(5) Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby, immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause said property to be sold, which notice Trustee shall cause to be duly filed for record Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby Trustee shall give Notice of Sale as then required by law, and without demand on Trustor, at least three months having elapsed after recordation of such Notice of Default, shall sell said property at the time and place of sale fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale

Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, expressed or implied The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the legal rate, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto

(6) This Deed applies to, insures to the benefit of, and binds all parties hereto, their legal representatives and successors in interest The term Beneficiary shall include any future owner and holder, including pledgees of the note secured hereby In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural

(7) Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee

(8) The Trusts created hereby are irrevocable by Trustor

(9) Beneficiary may substitute a successor Trustee from time to time by recording in the Office of the Recorder or Recorders of the county where the property is located an instrument stating the election by the Beneficiary to make such substitution, which instrument shall identify the Deed of Trust by recording reference, and by the name of the original Trustor, Trustee and Beneficiary, and shall set forth the name and address of the new Trustee, and which instrument shall be signed by the Beneficiary and duly acknowledged

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.**
**Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

Initial

Reproduced with permission of the copyright owner. Further reproduction prohibited without permission. Copyright © 2011 All rights reserved.

5

**DO NOT RECORD**

# REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid

Dated:_____

To: **FOOTHILL CONVEYANCE CORPORATION, Trustee.**

The undersigned is the legal owner of all indebtedness secured by this Deed of Trust  All sums secured by said Deed of Trust have been paid, and you are requested, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance to

_____

_____

By _____

By _____

07 2290176

Page 4 of 4



**This page is part of your document - DO NOT DISCARD**



# 20091124038



Pages:
0003

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**07/24/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 15.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 15.00 |



**L E A D S H E E T**



200907240210001

00000925688



002224916

**SEQ:
22**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**



T01

RECORDING REQUESTED BY:

# CHICAGO TITLE

**AND WHEN RECORDED MAIL TO:**

Foothill Conveyance Corporation
P.O. Box 26
Montrose CA 91021-0026:



07/24/2009

*20091124038*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

LOAN NO.          OTHER REF. 960000995          T.S. NO. FCC 3927

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
## IMPORTANT NOTICE
## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND
## IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your
past due payments plus permitted costs and expenses within the time permitted by law for
reinstatement of your account which is normally five business days prior to the date set for
the sale of your property.  No sale date may be set until three months from the date this
notice of default may be recorded (which date of recordation appears on this notice).

This amount is  **$33,502.73**  as of  **July 22, 2009**  and will increase until your account
becomes current.
While your property is in foreclosure, you still must pay other obligations (such as insurance
and taxes) required by your agreement and deed of trust or mortgage.  If you fail to make
future payments on the loan, pay taxes on the property,  provide  insurance on the property,
or pay other obligations as required in the agreement and deed of trust or mortgage, the
beneficiary or mortgagee may insist that you do so in order to reinstate your account in good
standing.  In addition,  the beneficiary or mortgagee may require as a condition to
reinstatement  that you provide reliable written evidence that you paid all senior liens,
property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of
the entire amount you must pay.  You may not have to pay the entire unpaid portion of your
account, even though full payment was demanded, but you must pay all amounts in default at
the time payment is made.  However, you and your beneficiary or mortgagee may mutually
agree in writing prior to the time the notice of sale is posted (which may not be earlier than
the end of the three-month period stated above) to, among other things, (1) provide additional
time in which to cure the default by transfer of the property  or otherwise;  or (2) establish a
schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice,
unless the obligation being foreclosed upon or a separate written agreement between you
and your creditor permits a longer period,  you have only the legal right to stop the sale of
your property by paying the entire amount demanded by your creditor.

VTP-F3-1

22

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

LOAN NO.                    OTHER REF.    960000995                          T.S. NO.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if
your property is in foreclosure for any other reason, contact:

**Name of Beneficiary or Mortgagee**
**Giancarlo Mercado**
**c/o Foothill Conveyance Corporation**
**P.O. Box 26, Montrose, CA 91021-0026**
**Phone: (818) 248-0233**

This is an attempt to collect a debt and any information obtained will be used for that
purpose.
If you have any questions, you should contact a lawyer or the Governmental agency which
may have insured your loan.
Notwithstanding the fact that your property is in foreclosure, you may offer your property for
sale, provided the sale is concluded prior to the conclusion of the foreclosure.
Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT
ACTION.

NOTICE IS HEREBY GIVEN:  That FOOTHILL CONVEYANCE CORPORATION, a California
Corporation, is duly appointed or substituted Trustee under a Deed of Trust dated August 23,
2007 executed by Brian Wright and Jacqueline Wright, husband and wife as joint tenants as
Trustor, to secure certain obligations in favor of Giancarlo Mercado, a single man as
Beneficiary, Recorded October 5, 2007, as Instrument No. 20072290176, Book , Page , and
Re-recorded , as Instrument No. Book , Page   of Official Records in the office of the
Recorder of Los Angeles County, California, describing the land therein:
AS DESCRIBED IN THE ABOVE-REFERENCED DEED OF TRUST

including one note(s) for the sum of $310,000.00; that the beneficial interest under such Deed
of Trust and the obligations secured thereby are presently held by the undersigned; that a
breach of, and default in, the obligations for which such Deed of Trust is security has
occurred in that payment has not been made of:  The installment of interest which became
due January 1, 2008, plus all subsequent installments of interest, plus delinquencies on
underlying encumbrances, plus delinquent Real Estate taxes, plus fees and costs.

That by reason thereof, the undersigned,  present beneficiary, under such Deed of Trust, has
executed and delivered to said duly appointed Trustee, a written Declaration of Default and
Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust
and all documents evidencing obligations secured thereby, and has declared and does
hereby declare elect to cause the trust property to be sold to satisfy the obligations secured
thereby.

Dated:    July 22, 2009

_Giancarlo Mercado_
Giancarlo Mercado

VIP-P3-2

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.



**This page is part of your document - DO NOT DISCARD**

## 06 2113689

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
**09/22/06 AT 08:00am**

**TITLE(S) :** _____



L E A D   S H E E T

FEE            D.T.T.

FEE $10    00
DAF $2
C-20      2

CODE
20

CODE
19

CODE
9____

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.     **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2006, All rights reserved.

RECORDING REQUESTED BY:

# NORTH AMERICAN TITLE COMPANY

AND WHEN RECORDED MAIL TO:

Foothill Conveyance Corporation
P.O. Box 26
Montrose CA 91021-0026:

**06  2113689**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

| LOAN NO. | OTHER REF. **10-79602-65** | T.S. NO. **FCC 3557** |
|---|---|---|

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
## IMPORTANT NOTICE
## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND
## IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,

and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is  $575,114.70  as of September 21, 2006  and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your agreement and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property,  provide  insurance on the property, or pay other obligations as required in the agreement and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition,  the beneficiary or mortgagee may require as a condition to reinstatement  that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property  or otherwise;  or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period,  you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

V1P-F3-1

Document provided by Fidelis LLC via a proprietary imaging and delivery system. Copyright 2006, all rights reserved.

3

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

LOAN NO.　　　　　OTHER REF.　10-79602-65　　　　　T.S. NO.
FCC 3557

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Name of Beneficiary or Mortgagee**
**Giancarlo Mercado**
**c/o Foothill Conveyance Corporation**
**P.O. Box 26, Montrose, CA 91021-0026**
**Phone: (818) 248-0000**

This is an attempt to collect a debt and any information obtained will be used for that purpose.

If you have any questions, you should contact a lawyer or the Governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That FOOTHILL CONVEYANCE CORPORATION, a California Corporation, is duly appointed or substituted Trustee under a Deed of Trust dated May 17, 2004 executed by MARINA GAMBARIAN a married woman as to an undivided 80% interest as Trustor, to secure certain obligations in favor of ARTASHES GALACHYAN, a single man as Beneficiary, Recorded June 22, 2004, as Instrument No. 04 1591227, Book , Page , and Re-recorded , as Instrument No. Book , Page of Official Records in the office of the Recorder of Los Angeles County, California, describing the land therein:
AS DESCRIBED IN THE ABOVE-REFERENCED DEED OF TRUST

including one note(s) for the sum of $260,000.00; that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:　The principal sum which became due August 14, 2004, plus interest due thereon, plus advances, plus interest on advances, plus fees and costs.

That by reason thereof, the undersigned, present beneficiary, under such Deed of Trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated:　September 21, 2006

*Giancarlo Mercado*
Giancarlo Mercado

06 2113689

VTP-F3-2

Sona Chukhyan
Reg.#18874111
Satellite Prison Camp
5675 8th St. - Camp Parks
Dublin, CA  94568

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA

SONA CHUKHYAN,                          Case No. CR-13-0704-JAK
    Movant,

                                        MOTION PURSUANT TO SECTION
v.                                      2255 OF TITLE 28 UNITED
                                        STATES CODE

UNITED STATES OF AMERICA,
    Respondent,

    MEMORANDUM OF LAW WITH APPENDED EXHIBIT IN SUPPORT
OF MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT
A FEDERAL SENTENCE OR CONVICTION PURSUANT TO 28 U.S.C.
2255.

    COMES NOW, Sona Chukhyan, Movant pro se, in the above styled

and numbered cause, and respectfully submits this Memorandum of

Law with Exhibit's in support of her Motion to Vacate via the

provisions of 28 U.S.C. 2255, and would show the court the following

facts, circumstances and points of law:

I. PRELIMINARY STATEMENT

A.  RELEVANT PROCEDURAL HISTORY

    As in initial matter, Movant sets out the following procedural

history for the Court:

    Movant was named in a single defendant criminal indictment

of 18 U.S.C. 1343 Wire Fraud, 18 U.S.C. 1028 A(a)(1) Aggravated

Identity Theft, and 18 U.S.C. 2 Aiding and Abetting and Causing

an Act to be done.

1.

On November 21, 2014, Movant entered a guilty plea to a violation of 18 U.S.C. 1343 Wire Fraud, Count Two; all other Counts were dismissed.

On September 1, 2016, this Court sentenced Movant to 30 months imprisonment, three years supervised release and a special assessment of $100.00.

Movant was represented during sentencing by Attorney Jerry Kaalan.

Movant did not file an Appeal.

B.   JURISDICTION & VENUE

Movant invokes this Court's subject matter jurisdiction as permitted by 28 U.S.C. 2255 to entertain the Motion.(Accord Rule 1 Rules Governing 28 U.S.C. 2255 Proceedings).  Movant's claims are both timely and cognizable, and therefore proper for merits consideration by this Court, See, Massaro v. United States 538 U.S. 500, 509(2003).  Movant is currently in the custody of the Federal Bureau of Prisons at the Satellite Prison Camp in Dublin, California.

The instant Motion alleges that:

1.   The sentences imposed are violation of the Constitution or laws of the United States.

2.   The sentences imposed are otherwise open to collateral attack because: (a) they violate Movant's 6th Amendment protections under the Constitution of the United States: (b) involve a fundamental defect that resulted in an incorrect application of

2.

the advisory guidelines in this Court's determination of the sentences imposed; (c) the errors complained of are inconsistent with the rudimentary demands of fair procedure; and (d) have resulted in grounds for alleging ineffective assistance of counsel.

C.   APPLICATION OF THE LIBERAL CONSTRUCTION DOCTRINE

As a pro se petitioner incarcerated in federal prison and without the benefit of formal training as an attorney, Movant is entitled to and contemporaneously invokes the full measure of liberal pleading and construance doctrine first expressed in Estelle v. Gamble, 429 U.S. 97(1976). The doctrine obliges this Court to apply the law liberally and with a duty of construance under any provision or practice, which would be most beneficial for the relief being sought regardless of couching by the pro se pleader. As a result of Movant's pro se status, the instant Motion and Memorandum of Law must be held to less stringent standards than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519(1972). Further the allegations raised herein must be taken as true and consequently construed in light most favorable to her position in any issue not specifically rebutted or which may be procedurally waived by the Government.

D.   APPLICATION OF THE STRICKLAND STANDARD TO MOVANT'S
     CLAIMED ERRORS

The right to assistance of counsel encompases the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 772, n14(1970). Pursuant to the Sixth Admendment, a criminal

3.

defendant is guaranteed not just the right to be represented by counsel but the right to the effective assistance of counsel. A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below the objective standard for reasonably effective representation, and (2) that this deficiency prejudiced him.

Strickland v. Washington, 466 U.S. at 687-88(1986), reasonable probability language does not require Movant to meet the preponderance of the evidence threshold, but it does require her to show a "reasonable probability sufficient to undermine confidence in the outcome", Williams v. Taylor, 529 U.S. 362, 390 (2000).

The Sixth Amendment guarantee of assistance of counsel is to ensure that defendants have effective representation, that is, the assistance necessary to justify reliance on the outcome of the proceedings. Thus, the benchmark for judging any claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process cannot be relied upon as having produced a fair result.

An incarcerated individual such as Movant should not receive any less of representation by her counsel as a non prisoner.

On October 13, 2013, Attorney's David Kenner and Brett A. Greenfield represented Movant during Plea Agreement and Preliminary hearing.

Movant, her husband, and family members were assured by

4.

Attorney Kenner and Attorney Greenfield that if she signed the Plea Agreement she would not go to Jail.

Movant was called to Attorney Kenner's office; given 1 hour to accept the sign the Plea Agreement or face 20 years in prison, if she went to trial and lost.

> "A guilty plea is open to attack on the ground that counsel did not provide the defendant with "reasonably competent advise" Cuyler v. Sullivan, 446 U.S. 335,344(1980) citation omitted)

Certainly advising a client to plead guilty to a charge that cannot be proven from the evidence does not rise to the level of reasonably competent advise. Such advise establishes a prima facie claim of ineffective assistance of counsel.

Movant had a small child and prosecutors were threatening to persue her husband. Fearful for her family she accepted the plea agreement under duress.

Attorney Kenner failed to review critical evidence supplied by Movant as to the restitution and perjury by government witness. The continued lack of concern and response to Movant lead to Attorney Kenner's dismissal.

E.   RESTITUTION AND GOVERNMENT WITNESSES PERJURY

The Government and District Court erred in failing to properly determine the amount of loss.

"This Court has ruled that District Court must rule on factual objections raised by defendants and the Government bears the burden of Proff" U.S. v. Flores. No. 12-30078;__Fed.App'x____

5.

21-22 (9th Cir. August 2, 2013). "The District Court may not merely rely on the assertions made in the PSR Id. and U.S. v. Showater, 569 F.3d 1150, 1160 (9th Circuit 2009) citing U.S. Ameline, 409 F.3d 1073, 1085-86 (9th Circuit 2005) (en banc).

Here, Movant objected to the factual assertions in the PSR and government witness statements underlying the determination of loss because they are belied by the evidence provided to her Counsel and Government.

The Court made no requirement for the government to provide proof during discovery to overcome Movants objections.

"This Court has ruled that "Restitution can only be based on actual loss" U.S. v. Chao Fan Xu 706 F.3d 965, 993 (9th Circuit 2013) and U.S. v. Stoddard, 150 F.3d. 1140, 1147 (9th Circuit 1998). Further a restitution order must also be based on losses directly resulting from a defendant's offense; Bussel 504 F.3d at 964.

The government has requested restitution for losses to witnesses who were not victims.

WITNESS PERJURY

U.S.G. 14(c) Perjury - The act or an instance of a person's deliberately making material false or misleading statements while under oath.

Witness - prosecuting witness (1823) a person who files the compliant that triggers a criminal prosecution and whose testimony the prosecution relies on to secure a conviction.

6.

The prosecutor knowingly elicited and then failed to correct false testimony; testimony from witnesses he knew or should have known at the time was false.

The perjury should have been exposed at the original hearing or through the PSR.

Perjury constitutes fraud on the Court and prevents a critical issue or piece of evidence from coming before the Court.

CONCLUSION

For the reasons stated within, the 2255 application and above, Movant respectfully request that this Court vacate her sentence.

Dated:                                Respectfully submitted,

                                      BY:
                                          Sona Chukhyan
                                          Reg.#18874111
                                          Satellite Prison Camp
                                          5675 8th St. - Camp Parks
                                          Dublin, CA  94568


DECLARATION

I Sona Chukhyan, herein declare under penalty of perjury that I am pro se, in the above stated matter and that the foregoing is true and correct bassed upon information and belief and not willfully false. I make this declaration pursuant to 28 U.S.C. 1746 this 2nd day of APR 2017.

                                      BY:
                                          Sona Chukhyan

7.

# **PROOF OF SERVICE**

## **C.C.P. § 1013(a)**

|                          |     |    |
|--------------------------|-----|----|
| **STATE OF CALIFORNIA**  | )   |    |
|                          | )   | ss |
| **COUNTY OF LOS ANGELES**| )   |    |

I am employed in the county of Los Angeles, State of California in the offices of a member of the State Bar of California at whose direction this service was made. I am over the age of 18 and not a party to the within action. My business address is TAHMAZIAN LAW FIRM, P.C. **1518 West Glenoaks Blvd., Glendale, California 91201.**

On the date set forth below, I served the foregoing document described **MOTION UNDER 28 U.S.C. SECTION 2255;** on the interested party or parties in this action by placing true copies thereof enclosed in sealed envelope with postage thereon fully prepaid and addressed as set forth in the attached master mailing list and/or as follows:

**Stephen A Cazares**
AUSA - Office of US Attorney
Major Frauds Section - US Courthouse
312 North Spring Street 11th Floor
Los Angeles, CA 90012-4700
213-894-0707
Fax: 213-894-6269

___ **BY MAIL.** I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, the mail would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postal meter date is more than one day after the date of deposit for mailing an affidavit.

___ **BY PERSONAL SERVICE.** By personally delivering such envelope by hand to the offices of the addressee noted on the attached master mailing list and/or as listed above.

___ **BY FACSIMILE.** By transmitting a copy of above listed document by a "FAX" machine to the FAX number noted on the attached master mailing list and/or as listed above.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct. Executed on August 04, 2017, in the City of Glendale, State of California.

Declarant: Alenoosh Asatourian

CV Intake

2255



TAHMAZIAN LAW FIRM, P.C.
1518 W. Glenoaks Blvd.
Glendale, Ca 91201
(818) 242-8201

TO: Clerks office
Criminal Intake
255 East Temple St.
Los Angeles, CA 90012



RECEIVED
CLERK, U.S. DISTRICT COURT

AUG - 6 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

